**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 14-4610

———————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

JOSHUA RAY NEALE,

             Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Michael F. Urbanski, District Judge. (5:02-cr-30020-MFU-17)

———————————

Submitted: February 27, 2015        Decided: March 6, 2015

———————————

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Elizabeth G. Wright, Assistant United States Attorney, Harrisonburg, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Ray Neale appeals the 23-month sentence imposed following the revocation of his supervised release term. On appeal, Neale contends that his sentence was plainly unreasonable because it was ordered to run consecutively to his state sentence. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable, employing the same general considerations applied during review of original sentences. Id. at 438. In this initial inquiry, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). If we find the sentence unreasonable, we must then determine whether it is "plainly" so. Id. at 657.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter Seven advisory policy statements and the 18

2

U.S.C. § 3553(a) (2012) factors applicable to the supervised release revocation context, see 18 U.S.C. § 3583(e) (2012); Crudup, 461 F.3d at 439, and provided sufficient explanation for the sentence imposed, see United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440.

On appeal, Neale asserts that his sentence is plainly unreasonable because the court ordered that it be served consecutively to his state court sentence. We find this argument unpersuasive. Upon our review, we find the district court's decision to order a consecutive revocation sentence to be reasonable. See USSG § 7B1.3(f), p.s.; United States v. Johnson, 640 F.3d 195, 208 (6th Cir. 2011). To the extent that Neale otherwise challenges the procedural and substantive reasonableness of his sentence, we find such contention to be lacking in merit. The court considered the Chapter Seven policy statements and the proper factors under § 3553(a), tailored the factors to Neale's individual circumstances, and more than adequately explained its proper basis for the sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED